IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JENNIFER J. DANE, ) | |
| ) | |
| Plaintiff, ) | Civil No. 4:11-CV-00568-JEG-RAW |
| ) | |
| v. ) | |
| ) | PROPOSED ORDER ON |
| UNITED STATES OF AMERICA, ) | FINAL PRETRIAL CONFERENCE |
| ) | |
| Defendant. ) | |

A Final Pretrial Conference was held in the above-captioned matter pursuant to Fed. R. Civ. P. 16 on February 28, 2014.

The following counsel, who will try the case appeared at the conference:

1. For Plaintiff:

    Robin L. Hermann
    Patterson Law Firm, L.L.P.
    505 Fifth Avenue, Suite 729
    Des Moines, IA 50309-2390
    Tel: (515) 283-2147
    Fax: (515) 283.1002
    Email: rhermann@pattersonfirm.com

2. For Defendant:

    William C. Purdy
    Assistant United States Attorney
    110 E. Court Avenue, Suite 286
    Des Moines, IA 50309-2053
    Tel: (515) 473-9315
    Fax: (515) 473-9282
    Email: bill.purdy@usdoj.gov

Accordingly, IT IS ORDERED:

I.   THE PARTIES AGREE THAT THE FOLLOWING FACTS ARE TRUE AND UNDISPUTED:

    A.    The Defendant admits that Dr. Scott Freschi breached the standard of care in treatment of Plaintiff by sending her to physical therapy within approximately three weeks following her April 16, 2008 surgery.

II.    EXHIBITS:

    A.    The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof, or objection. Specifically, the parties agree that both plaintiff and defendant exhibits listed under this portion (Paragraph II, A) of the Proposed Order on Final Pretrial Conference are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

Plaintiff's Exhibits:

1. Exhibit #1: Alan S. Rothstein, DPM, FACFAS, July 5, 2012 written report to Robin L. Hermann (2 pages)
2. Exhibit #2: CV of Alan S. Rothstein, DPM, (4 pages)
3. Exhibit #3: Letter of Lowell Scott Weil, Sr., DPM, FACFAS, to Robin L. Hermann dated September 19, 2011 (3 pages)
4. Exhibit #4: Letter of Lowell Scott Weil, Sr., DPM, FACFAS of December 11, 2013 regarding his examination of Jennifer Dane October 8, 2013 (1 page)
5. Exhibit #5: CV of Lowell Scott Weil, Sr., DPM (7 pages)
6. Exhibit #6: Six photographs of Jennifer Dane's left lower extremity dated April 29, 2008, March 3, 2010, October 12, 2011 and 3 undated photos of left lower extremity, (pp. 1-6)
7. Exhibit #7: MSCA - Certified Personal Trainer Certificate for Jennifer Dane dated September 28, 2009 (1 page)
8. Exhibit #8: Brief video clip of Jennifer Dane performing left and right lower extremity exercises.

Defendant's Exhibits:

A. Exhibit A: 6-7-06 to 2-1-07 U.S. Navy/Camp Pendleton Medical Records (pp. 1-101)
B. Exhibit B: 10-16-06 Application for Compensation (pp. 1-23)
C. Exhibit C: 10-26-06 Disability Rating Decision (pp. 1-4)
D. Exhibit D: 5-23-07 Disability Rating Decision (pp. 1-11)
E. Exhibit E: 5-13-08 Disability Rating Decision (pp. 1-29)
F. Exhibit F: 8-8-08 Disability Rating Decision (pp. 1-15)
G. Exhibit G: 2-2-12 Disability Rating Decision (pp. 1-14)
H. Exhibit H: 9-14-12 Disability Rating Decision (pp. 1-38)
I. Exhibit I: Disability Benefits paid to Plaintiff since discharge (pp. 1-xx)
J. Exhibit J: 2007 to 2012 VA electronic medical records file (pp. 1-371)
K. Exhibit K: 3-7-08 Informed Consent for VA surgery (pp. 1-7)

L. Exhibit L: 12-22-08 to 8-23-09 Excel Physical Therapy records (pp. 1-17)
M. Exhibit M: 9-22-09 Des Moines University Clinic records (pp. 1-3)
N. Exhibit N: Redacted--12-1-09 to 9-17-12 Accelerated Physical Therapy and Mayo Clinic records (pp. 1-119 with pages 1, 29-31 redacted, making a total of 117 pages)
O. Exhibit O: 12-1-09 Mayo Clinic medical records (pp. 1-10)
P. Exhibit P: 5-5-08 Mercy Clinic medical records (pp. 1-2)
Q. Exhibit Q: 1-6-11 University of Iowa Hospitals and Clinics visit (pp. 1-6)
R. Exhibit R: Selected Official Personnel File records of Jennifer Dane (pp. 1-12)
S. Exhibit S: 3-14-13 Expert J. Peter Mattila, Ph.D. Analysis of Economic Loss. (pp. 1-5)
T. Exhibit T: Expert J. Peter Mattila, Ph.D.-Curriculum Vitae. (pp. 1-5)
U. Exhibit U: 5-15-13 Independent Medical Exam by John Kuhnlein, D.O. (pp. 1-9)
V. Exhibit V: Dr. John Kuhnlein, D.O.-Curriculum Vitae. (pp. 1-6)
W. Exhibit W: 6-10-13 Expert David Utley M.A.-Loss of Earning Capacity Assessment Report. (pp. 1-7)
X. Exhibit X: Expert David Utley M.A.-Curriculum Vitae. (pp. 1-4)
Y. Exhibit Y: 3-30-10--SF-95-Administrative Tort Claim of Jennifer Dane (p.1)

B. Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an **opposing party objects** on the grounds noted.   It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

Plaintiff's Exhibits:

1. Exhibit xx: [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
2. Exhibit xx: [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

Defendant's Exhibits:

1. Exhibit xx: [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
2. Exhibit xx: [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

    C.    Parties want to introduce into evidence the following exhibits to which an **opposing party will object** on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

Plaintiff's Exhibits:

1. Exhibit xx: [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
2. Exhibit xx: [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

Defendant's Exhibits:

1. Exhibit xx: [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
2. Exhibit xx: [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

III. WITNESSES:

    A.    Plaintiff's Witnesses (list witnesses, addresses and substance of testimony):

1. Jennifer J. Dane
   Des Moines, Iowa

   Jennifer Dane will testify regarding her medical treatment by Dr. Freschi and the damages she has incurred in the past and will continue to experience into the future.

2. Jennifer Dane's Father
   Waverly, Iowa

   He will give testimony regarding the damages Jennifer has suffered as a result of the negligence of Dr. Freschi.

3. Jennifer Dane's Mother
   Waverly, Iowa

   She will testify regarding the injuries and damages Jennifer has suffered because of Dr. Freschi's negligence.

4. Alan S. Rothstein, D.P.M.

5. Lowell Scott Weil Sr., D.P.M.

B. Defendant's Witnesses (list witnesses, addresses and substance of testimony):

1. Kathy Wagner, Coach (a/k/a Supervisor)
   Appeals, Public Contact
   U.S. Department of Veterans Affairs
   210 Walnut Street, Room 1047
   Des Moines, IA 50309

   Ms. Wagner will testify as to the nature and extent of compensation applications, disability determinations and benefits received by Jennifer Dane from the U.S. Department of Veterans Affairs.

2. Suzie A. Berregaard, Chief, Quality Management (and former supervisor of Jennifer Dane)
   U.S. Department of Veterans Affairs
   VA Central Iowa Health Care System
   3600 30th Street
   Des Moines, IA 50310-5885

   Ms. Berregaard will testify as to her observations of and interactions with plaintiff as one of her supervisors at the VA hospital.

3. David W. Utley, M.A.
   14710 West Dodge Road, Suite 201
   Omaha, NE 68154-2027

   Mr. Utley is a vocational rehabilitation expert witness and will testify to his impressions as to the loss of earning capacity of Jennifer Dane.

C. A party listing a witness guarantees his/her presence at trial unless the court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witness listed by the opposing party whether they have them listed or not.

D. A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

IV.    FACTUAL ISSUES:

    A.    Plaintiff's Factual Issues:

1. Scott A. Freschi, D.P.M. departed from the appropriate standards of care in his medical management of Jennifer Dane, which deprtures have resulted in past and future physical and mental pain and suffering; past and future loss of enjoyment of life; past and future loss of income; loss of future earning capacity; past and future medical expenses; past and future loss of function and permanent disability.

2. Plaintiff was not adequately advised, pre-operatively, as to all of the material risks associated with the surgery which was perform by Dr. Freschi.

    B.    Defendant's Factual Issues:

1. Defendant challenges the nature and extent of damages claimed by Plaintiff for each and every alleged measure of damage set forth in the complaint, including: a) past and future physical and mental pain and suffering; b) past and future loss of enjoyment of life; c) past and future loss of income; d) loss of future earning capacity; e) past and future medical expenses; f) past and future loss of function; and g) permanent disability.

2. Defendant asserts Plaintiff was adequately advised as to all material information concerning and the risks associated with her April 16, 2008 surgery performed by Dr. Scott Freschi through her informed consent to said surgery.

3. Defendant asserts that Plaintiff has received or will receive compensation from Defendant for some, if not all, of her claimed injuries through receipt of disability payments from the Department of Veterans Affairs.

4. Defendant asserts that Plaintiff's injuries for which she seeks damages are, at least in part, from conditions that pre-existed her April 16, 2008 surgery performed by Dr. Scott Freschi and were not caused by Defendant's actions.

5. Defendant asserts that Plaintiff is comparatively at fault for the extent of her injuries for failing to follow medical advice relating to post-surgical treatment and rehabilitation.

V.    LEGAL CONTENTIONS:

    A.    Plaintiff's Legal Contentions:

1. Jennifer Dane is entitled to be compensated for all of the damages she has suffered in the past and into the future as a result of the surgery performed by Dr. Scott Freschi.

    B.    Defendant's Legal Contentions:

1. Defendant contends damages, if any, awarded to Plaintiff for past or future losses should be reduced by amounts received through any governmental payments for benefits related to the conditions for which she complains.

2. Defendant contends that Plaintiff was adequately advised as to all material information concerning and the risks associated with her April 16, 2008 surgery performed by Dr. Scott Freschi through her informed consent to said surgery.

3. Defendant contends that Plaintiff is comparatively at fault for the extent of her injuries for failing to follow medical advice relating to post-surgical treatment and rehabilitation.

4. Defendant contends that Plaintiff's injuries for which she seeks damages are, at least in part, from conditions that pre-existed prior to her April 16, 2008 surgery performed by Dr. Scott Freschi and were not caused by Defendant's actions.

Dated this ___ day of February, 2014.

ROSS A. WALTERS
U.S. MAGISTRATE JUDGE

7

|  |  |
|---|---|
|  | Respectfully submitted, |
| Robin L. Hermann<br>Attorney for Plaintiff | Nicholas A. Klinefeldt<br>United States Attorney |
| */s/ Robin L. Hermann*<br>Robin L. Hermann<br>Patterson Law Firm, L.L.P.<br>505 Fifth Avenue, Suite 729<br>Des Moines, Iowa 50309-2390<br><br>Telephone: (515) 283-2147<br>Facsimile: (515) 283-1002<br>E-Mail: rhermann@pattersonfirm.com | */s/ William C. Purdy*<br>William C. Purdy<br>Assistant U.S. Attorney<br>U.S. Courthouse Annex, Suite 286<br>110 East Court Avenue<br>Des Moines, Iowa   50309-2053<br>Telephone:  (515) 473-9315<br>Facsimile:   (515) 473-9282<br>E-Mail: bill.purdy@usdoj.gov |